UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard Harbus,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IDA Publishing Co., Inc.,<br><br>　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Harbus ("*Plaintiff*"), by and through his undersigned counsel, for its Complaint against defendant IDA Publishing Co., Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202(b).

2. Plaintiff created a photograph of a poster put up by Vandals to protest the sale of buildings to Amazon (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain totalfood.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Richard Harbus is an individual who is a citizen of the State of Connecticut and maintains a principal place of business in Fairfield County, Connecticut.

6. Upon information and belief, defendant IDA Publishing Co., Inc., is a Connecticut

1

Corporation with a principal place of business at 282 Railroad Avenue, Greenwich in Fairfield County, Connecticut.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Connecticut.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On November 22, 2018, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16. On January 17, 2019, the Photograph was registered by USCO under Registration No. VA 2-135-584.

17. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff published the Photograph by commercially licensing it to the NY Post for the purpose of display and/or public distribution.

B. **Defendant's Infringing Activity**

19. Defendant is the registered owner of the Website and is responsible for its content.

20. Defendant is the operator of the Website and is responsible for its content.

21. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

22. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

23. On or about February 20, 2019, Defendant displayed the Photograph on the Website as part of an on-line story at URL https://totalfood.com/amazon-long-island-city/. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

24. The Photograph was stored at URL: https://totalfood.com/wordpress/wp-content/uploads/2019/02/Amazon_Long-Island-City.jpg.

25. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

26. Plaintiff first observed and actually discovered the Infringement and Defendant's violation of the DMCA on October 31, 2022.

27. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific

infringement. *17 U.S.C. §106(5)*.

29. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

31. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Jeff Kravet whose Defendant Website lists him as an author (the "*Employees*").

32. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

34. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

36. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

37. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its Website.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

44. Defendant's use of the Photograph harmed the actual market for the Photograph.

45. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. On February 9, 2023, Plaintiff, via counsel, served a letter via electronic mail seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work, to no avail.

47. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

51. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

52. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

55. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

59. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

60. The Photograph as originally published in https://nypost.com/2018/11/22/anti-amazon-vandals-strike-long-island-city/ contained a "gutter credit" attributing Plaintiff Richard Harbus as the author of the work. Such credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

61. Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph on the Website.

62. Upon information and belief, Defendant's distribution of containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

63. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal an infringement.

64. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

65. Defendant's conduct violates 17 U.S.C. § 1202(b).

66. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

67. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively,

Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

68. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f. for pre-judgment interest as permitted by law; and

   g.  for any other relief the Court deems just and proper.

DATED: August 21, 2023

                **SANDERS LAW GROUP**

                By:  */s/ Craig Sanders*
                Craig Sanders, Esq.
                333 Earle Ovington Blvd, Suite 402
                Uniondale, NY 11553
                Tel: (516) 203-7600
                Email: csanders@sanderslaw.group
                File No.: 127132

                *Attorneys for Plaintiff*